**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ENCOMPASS INDEMNITY COMPANY,

    Plaintiff,

v.             CIVIL ACTION NO.  5:11-cv-000098

CLIFFORD C. PHILLIPS, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Encompass' Motion for Summary Judgment (Insurance Coverage)* (Document 39). After careful consideration of the supporting memorandum and all written submissions relative thereto, the Court grants this motion.[1]

**I.  *FACTUAL BACKGROUND & PROCEDURAL HISTORY***

This declaratory judgment action arose from a golf cart accident in Mullens, Wyoming County, West Virginia.  On September 17, 2010, Alex Lusk ("Alex"), a minor, was involved in an accident while operating a golf cart owned by his great-grandparents, Defendants Clifford Phillips and Betty Phillips ("Mr. and Mrs. Phillips"). The accident involved other minor passengers, all of whom apparently sustained injuries. Subsequently, Defendant Penny Biggs, Individually and as Parent and Next Friend of Dustin McClure ("Dustin"), filed an action in the

---

[1] As a preliminary matter, the Court notes that Mr. and Mrs. Phillips were represented by counsel, Christopher B. Bledsoe. Mr. Bledsoe's license to practice law was annulled by Order of the West Virginia Supreme Court of Appeals entered on October 6, 2011. On March 7, 2012, Mr. Bledsoe was officially terminated as counsel of record and the Defendants were all given until March 20, 2012, to file a response to the pending motion for summary judgment. To date, no such response has been filed by any Defendant.

Circuit Court of Wyoming County, *Biggs v. Phillips, et al.*, Civil Action No. 11-C-32, ("the State

Action") against Mr. and Mrs. Phillips, Jamie and Ashley Lusk, and Alex. In the State Action,

Defendant Biggs  alleges that Alex's parents, Jamie and Ashley Lusk, allowed him to use Mr.

and Mrs. Phillips' golf cart, to "drive [it] off [their] property," and to pick up Dustin and other

friends "to ride them around on the golf cart[.]" (Document 39 Ex. A. ¶ VII.) Defendant Biggs

also alleges, in the State Action, that Alex negligently drove Mr. and Mrs. Phillips' golf cart "in

or near the areas of Mullens and York Mountain," and caused the golf cart to ultimately wreck.

(*Id*. ¶ VIII.) In the State Action, Defendant Biggs asserts claims against Alex for negligence, as

well as claims against Mr. and Mrs. Phillips and Alex's parents for negligent entrustment.

Plaintiff, Encompass Indemnity Company ("Encompass"), filed its Complaint for

Declaratory Relief ("Complaint") seeking a declaration that the Encompass insurance policy,

("the Policy") issued to Mr. and Mrs. Phillips, provides no coverage for the claims at issue in the

State Action. (Document 1 at 18.) Further, in the Complaint, Encompass seeks an Order

declaring and adjudging that it does not owe any duty to defend or indemnify Mr. and Mrs.

Phillips or Alex Lusk for the claims asserted or which may be asserted against them as a result of

the September 17, 2010 golf cart accident. (*Id*. at 18-19.) Finally, Encompass asks the Court to

declare that none of the golf cart passengers are entitled to any recovery under the Policy as a

result of the September 17, 2010 golf cart accident. (*Id*. at 19.)

It is undisputed that the golf cart was purchased by Mr. and Mrs. Phillips on August 25,

2010, and delivered to them September 1, 2010. (Document 39 Ex. B ¶ 4.) The Phillips carried a

combined home owner and auto insurance policy with Encompass. (Document 39 Ex. C; Policy

No. 261723877.)  Encompass determined that neither the home owner nor motor vehicle portion

of the Policy covered the claims in the State Action. It represents that all Defendants were

properly served in this action, but only Ms. Biggs and Mr. and Mrs. Phillips have appeared and responded to any of the pleadings. On December 5, 2011, Encompass filed its motion for summary judgment.

As outlined in Encompass' memorandum in support of the instant motion, the following facts are undisputed. Mr. and Mrs. Phillips admit that they gave Alex "general permission" to use the golf cart, but were not aware of his use of it on September 17, 2010. (Document 39 Ex. B ¶¶ 5, 6.)  They also admit that Alex's accident on September 17, 2010, was not reported to Encompass until November 5, 2010. (Document 39 Ex. E Admission 9.) Mr. and Mrs. Phillips admit that the September 17, 2010 accident arose out of the use or entrustment of their golf cart to Alex. They also admit that the golf cart was not being used to play golf on a golf course or for travel between their residence premises and its community golf course at the time of the accident. (*Id*., Admissions 3, 4.)  Mr. and Mrs. Phillips argue that Alex was a covered person under the Policy because he had their permission to operate the golf cart. (*Id*., Admission 1.) Further, Mr. and Mrs. Phillips state that "[i]t was [their] intention  . . . to use the golf cart to collect rent, inspect and repair the insureds' properties, as well as for personal use." (*Id*., Admission 6.)  They admit the golf cart had not been added to the policy and did not show up in the Coverage Summary on September 17, 2010, "but it was their understanding that they had 30 days to add the golf cart to the policy, and during that time, the golf cart was indeed covered under their policy." (*Id.*, Admission 7.) Mr. and Mrs. Phillips also stated that "[o]nce the accident occurred within that 30 day window, [they] did not think it was necessary or required to add the golf cart to the policy. . . ".  (*Id*., Admission 8.)

## II.     STANDARD OF REVIEW

The well-established standard for consideration of a motion for summary judgment is that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."   Fed.R.Civ.P. 56(c)(2); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U .S. 242, 247 (1986).  A "material fact" is a fact that might affect the outcome of a party's case.  *See Anderson*, 477 U.S. at 248; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir.2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.  *Id*.  The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law.  *Celotex Corp.*, 477 U.S. at 322-23.  When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the non-moving party.  *North American Precast, Inc. v. General Cas. Co. of Wis.*, Civil No.02:04-1306, 2008 WL 906334, *3 (4th Cir. Mar. 31, 2008).  The nonmoving party must satisfy their burden of proof by offering more than a mere "scintilla of evidence" in support of their position. *Anderson*, 477 U.S. at 252. If the non-moving party fails to make a showing sufficient to establish the existence of an essential element, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 322-23.  If factual issues exist that can only be resolved by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250.

### III.     DISCUSSION

Under West Virginia law, the "[d]etermination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law." *Tennant v. Smallwood*, 211 W. Va. 703, 706 (2002) (citation and quotation omitted).  It has long been recognized that "since insurance policies are prepared solely by insurers, any ambiguities in the language of insurance policies must be construed liberally in favor of the insured." *Aetna Cas. & Sur. Co. v. Pitrolo*, 176 W. Va. 190, 194 (1986) (citations omitted). Therefore, "any question concerning an insurer's duty to defend under an insurance policy must be construed liberally in favor of an insured where there is any question about an insurer's obligations." (*Id*.) The question for the Court in consideration of the instant declaratory judgment inquiry is "whether the insurer had a duty to defend under the terms of the insurance policy." (*Id*. at 195.)  A liability insurer's "duty to defend is tested by whether the allegations in the plaintiff's complaint are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy." (*Id*. at 194.)  "Where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." *Keffer v. Prudential Ins. Co.*, 153 W.Va. 813, 815-16 (1970).

In its motion for summary judgment, Encompass argues that neither the Home Owner Segment nor the Motor Vehicle Segment of the Policy covers the State Action. Therefore, Encompass argues that it has no duty to defend or indemnify Mr. and Mrs. Phillips, Alex, or his parents in the State Action.  The Court will consider both portions of the Policy.

### A.  *Home Owner  Segment*

The Home Liability Coverage portion of the Policy provides that in the event a claim for bodily injury, property damage, or personal injury is brought against the insureds (Mr. and Mrs.

Phillips) or "any covered person" for an occurrence which the Policy covers, Encompass will "[p]ay on your behalf claims for which you or any covered person is legally liable, up to the applicable limit of liability; subject to the exclusions listed in Liability Coverage Losses We Do Not Cover." (Document 39 Ex. C-1 at 3.) Under this section of the Policy, "covered person" includes family members and "any person under the age of 21 who is in the care of" Mr. and Mrs. Phillips or their family member at the time of the accident. (*Id.* at 1.) Family member is defined as a person related to the policy holder "by blood, marriage or adoption who is a *resident of [the policy holder's] household*." (*Id.*) (emphasis added).

Encompass indicates that "[i]t appears that Alex, a middle school student, was in his parents' care when he visited his great-grandparents on September 17, 2010." (Document 40 at 5.) Also, Encompass argues there is no evidence that suggests that Alex lived with Mr. and Mrs. Phillips in their home, or that he was "in the care of" Mr. and Mrs. Phillips or any resident relative of theirs at the time of the accident. (*Id.*) The Defendants have failed to put forth any evidence or proof to rebut Encompass's assertion that Alex was not, himself, a resident of the Phillips' household, or "in the care of" the Phillips or a family member residing in their household at the time of the accident. Thus, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23. Accordingly, the Court finds that Alex is not a "covered person" as the term is defined under the Home Liability Coverage section of the policy.

The Policy also provides coverage for claims arising from a motor vehicle accident on the insured location with the policy holder's permission. (Document 39 Ex. C-1 at 1.) Under the Policy, "insured location" is defined as the insureds' residence premises and "[t]he part of any

other premises, other structures and grounds used by [the named insureds] as a residence . . . [.]"
(*Id*. at 2.) Insured location also includes "[a]ny premises used by [the named insureds] in
connection with" their residence. (*Id*.)

Mr. and Mrs. Phillips deny that the golf cart was being operated off of the insured
location at the time of the accident. (Document 39 Ex. E Admission 5.) However, in their
Answer to the State Action, they admit they did not know Alex used the golf cart on the day of
the accident. In the State complaint, in Paragraph V, Defendant Biggs alleges that the accident
took place in or near York Mountain. (Document 39 Ex. A ¶ V.) In response, Mr. and Mrs.
Phillips admit the allegation in Paragraph V and state that Alex had general permission to use the
golf cart, but they were not aware of its use on the date of the accident. (Document 39 Ex. B ¶ 5.)
Encompass asserts that the golf cart was used away from the "insured location" because Mr. and
Mrs. Phillips have put forth "no facts and do not assert that York Mountain is on the insured
premises." (Document 40 at 6.)

Again, the Defendants have failed to point to the existence of any evidence or proof to
contest that the golf cart was being operated off of the insured premises at the time of the
accident. Mr. and Mrs. Phillips admit that the accident took place in or near York Mountain, but
fail to contest Encompass's assertion that York Mountain is not on the insured premises. Thus,
there can be no genuine issue as to any material fact relative to coverage at the "insured
location."  Accordingly, the Court finds no coverage for Alex's alleged acts under the Home
Liability Coverage "permissive user" section of the Policy. The Court need not address whether
Mr. and Mrs. Phillips' "general permission" was effective, given the finding that there is no issue
of material fact relative to the accident taking place on the insured location.

Finally, the Home Liability Coverage portion of the Policy provides Medical Expense coverage "to anyone on an insured location with the permission of a covered person[]" or "anyone off an insured location, if the bodily injury . . . [a]rises out of a condition on the insured location or the ways immediately adjoining; [or] [i]s caused by the activities of you or any covered person[.]" (Document 39 Ex. C-1 at 4.)

Under West Virginia law, generally any "homeowners liability insurance policy that covers loss from damages for negligent personal acts includes coverage for negligent entrustment, absent any express exclusion to the contrary." *Huggins v. Tri-County Bonding Co.,* 175 W. Va. 643, 647 (1985). The  applicable Policy language states that:

> Personal Liability and Medical Expense coverages do not apply to bodily injury or property damages . . .
>
> c. Arising out of the ownership, maintenance, occupancy, renting, loaning, use, entrusting, loading or unloading of any motor vehicles, other than:
> > (1)  A motorized golf cart when being used to play golf on a golf course or for travel between the residence premises and its community golf course for golfing purposes only.
> > (2) A motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and;
> > > (a) Not owned by a covered person; or
> > > (b) Owned by a covered person and being used on an insured location at the time of the accident.
> > (3) A vehicle or conveyance not subject to motor vehicle registration which is:
> > > (a) Being used to service a covered person's residence at the time of the accident;
> > > (b) Designed for assisting the handicapped; or
> > > (c) In dead storage on an insured location.

(Document 39-4 at 52.)  Mr. and Mrs. Phillips admit the golf cart was not being used to play golf or to travel to a golf course at the time of the accident. (Document 39 Ex. E Admissions 3, 4.) Although they owned the golf cart, as discussed above, the accident took place on York Mountain, away from the insured location. The record also makes it clear that the golf cart was not being used to service Mr. and Mrs. Phillips' residence at

the time of the accident. Further, there is no evidence that the golf cart was designed for assisting the handicapped or that it was in dead storage on the insured location.

Given the undisputed facts of this case, no genuine issues of material fact exist relative to the golf cart being operated, at the time of the accident, under any of the six exceptions to the limitation of personal liability and medical expenses portion of the policy discussed above.

The Home Liability Coverage and Medical Expense sections of the Policy are unambiguous. *Pitrolo*, 176 W. Va. at 194. The Court finds these provisions of the Policy are not reasonably susceptible to an interpretation such that any of the State Action claims could be covered by the terms of the Policy. (*Id.*) Accordingly, Encompass is entitled to summary and declaratory judgment as a matter of law that the Home Liability Coverage and Medical Expense sections of Mr. and Mrs. Phillips' Policy do not cover the claims alleged in the State Action. Therefore, Encompass has no duty under these provisions to defend or indemnify any party to the State Action.

### B. *Motor Vehicle Segment*

Encompass argues that the Motor Vehicle Segment of the Policy does not cover the accident because the golf cart was not a covered vehicle under the Policy. Also, Encompass argues that Alex is not a "covered person" by virtue of being a "family member" of Mr. and Mrs. Phillips because there is no evidence that he lived with them at the time of the accident. Again, no Defendant contests this point. The Court hereby incorporates the findings above as they relate to Alex not being a "covered person" under the Policy because he is not a "family member" as defined by the policy. Thus, the Court need only address whether the golf cart is a covered vehicle under the Policy.

The Motor Vehicle Liability portion of the policy covers "[a]ny other person occupying or using any covered motor vehicle with permission from [the insured]." (Document 39 Ex. C-1 at 6.) Under the Policy, "motor vehicle" includes a "motorized golf cart, snowmobile or other motorized land vehicle owned by you or any covered person and designed for recreational use off public roads." (*Id.* at 7.)  However, the Motor Vehicle Liability Coverage expressly excludes coverage for liability arising from

> [t]he ownership, maintenance or use of any motor vehicle other than:
> a.   A motor vehicle shown in the Coverage Summary or any trailer that you own
> b.   An additional motor vehicle when you ask us to insure it within the 30 day period after you become the owner and coverage has been agreed to by us

(Document 39 Ex. C-1 at 9.)  Again, Mr. and Mrs. Phillips purchased their golf cart on August 25, 2010. The golf cart was delivered to them on September 1, 2010. The accident occurred on September 17, 2010.  So, the accident occurred within thirty days of the purchase. However, it is undisputed that the golf cart did not appear in the Coverage Summary on the date of the accident. (Document 40 at 10.) Further, it is undisputed that Mr. and Mrs. Phillips did not ask Encompass to insure the golf cart within thirty days of the time they purchased it. (*Id.*) Mr. and Mrs. Phillips acknowledge that they did not ask Encompass to insure the golf cart within thirty days of the date of purchase, but argue that they believed they did not need to do so because the accident occurred during that time period.  Further, it is undisputed that Mr. and Mrs. Phillips failed to report the accident until November 5, 2010.

The Court finds the unambiguous language of the Policy excludes coverage of the golf cart because Mr. and Mrs. Phillips did not ask Encompass to cover the golf cart within thirty days of its purchase. This section of the Policy is not reasonably susceptible

to any other interpretation. Mr. and Mrs. Phillips' argument, that they assumed the golf cart was covered once the accident occurred during the thirty day period after its purchase, is not reasonable in light of the plain and unambiguous language of the contract.  That language specifically requires the policy holder to add an additional vehicle within thirty days of purchase.  Therefore, the Court finds Encompass is entitled to summary and declaratory judgment as a matter of law, that the Motor Vehicle Liability Coverage and its Medical Expense coverage sections of the Policy do not cover the claims made in the State Action because the golf cart was not a covered vehicle under the Policy.  Thus, the Court finds that Encompass has no duty under the Motor Vehicle Liability Coverage or the Medical Expense coverage sections of the Policy to defend or indemnify any party to the State Action.[2]

## IV.    CONCLUSION

In accordance with the findings and conclusions in this Memorandum Opinion, the Court does hereby **ORDER** that *Encompass' Motion for Summary Judgment (Insurance Coverage)* (Document 39) be **GRANTED**.  Further, the Court **DECLARES** that the Encompass Policy which insures Mr. and Mrs. Phillips does not provide coverage for the claims in the underlying State Action, and Encompass, therefore, has no duty to defend or indemnify any party to the State Action.  Finally, the Court **ORDERS** that this matter be **DISMISSED** and removed from the docket.

---

[2] In light of the finding that the golf cart is not a covered vehicle under the Policy, the Court need not address whether Mr. and Mrs. Phillips promptly filed their claim with Encompass.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record

and to any unrepresented party.

ENTER:     April 2, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA